**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**

MICHAEL CECIL,                          )
                                        )
      Plaintiff,                       )
                                        )
      v.                               )          No.
                                        )
NORTHSTAR LOCATION                      )
SERVICES, LLC,                          )
                                        )
      Defendant.                       )

## PLAINTIFF'S COMPLAINT

Plaintiff, MICHAEL CECIL (Plaintiff), through his attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, NORTHSTAR LOCATION SERVICES, LLC, (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that

might allow consumers to avoid receiving such calls are not universally available, are

costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA,

Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the
> home, except when the receiving party consents to receiving the call
> or when such calls are necessary in an emergency situation affecting
> the health and safety of the consumer, is the only effective means
> of protecting telephone consumers from this nuisance and privacy
> invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838,

at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that

automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the

type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding

calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act …  is well known for its
> provisions limiting junk-fax transmissions. A less-litigated part of
> the Act curtails the use of automated dialers and prerecorded
> messages to cell phones, whose subscribers often are billed by the
> minute as soon as the call is answered—and routing a call to
> voicemail counts as answering the call. An automated call to a
> landline phone can be an annoyance; an automated call to a cell
> phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

8. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing in Paint Lick, Madison County, Kentucky.

12. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

13. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

14. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

15. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

16. Defendant is, and at all times mentioned herein, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

17. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

18. Defendant is a collection agency located in Cheektowaga, Erie County, New York.

19. Defendant is a business entity engaged in the collection of debt within the State of Kentucky.

20. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

3

21. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

22. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

23. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

24. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

25. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

26. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

27. The alleged debt owed arises from transactions for personal, family, and household purposes.

28. In or around February 2014, Defendant began placing collection calls to Plaintiff.

29. Defendant calls Plaintiff on Plaintiff's cell phone at 859-200-66xx in an attempt to collect the alleged debt.

30. On April 5, 2014, Plaintiff sent a letter to Defendant in which Plaintiff disputed the alleged debt and also instructed Defendant to stop calling Plaintiff.

31. Despite being instructed to stop calling Plaintiff, Defendant continued to place collection calls to Plaintiff in an attempt to collect on the alleged debt.

32. Defendant calls Plaintiff at an annoying and harassing rate.

33. Within the last year, Defendant has left several voicemail messages on Plaintiff's cell

phone.

34. The voicemail messages that Defendant leaves on Plaintiff's cell phone are pre-recorded messages.

35. Within the last year, Plaintiff answered at least one of Defendant's calls.

36. Each time Plaintiff answers Defendant's phone call, there is a few second delay before Plaintiff is connected with a live person.

37. Defendant called Plaintiff using an autodialer system.

38. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

39. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

40. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

41. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

42. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

43. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

44. Plaintiff is not a customer of Defendant's services, and has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose

whatsoever.

45. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff instructed Defendant to stop calling;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff; and

   c. Defendant violated §1692c(c) by continuing to call Plaintiff, despite being instructed by Plaintiff, via written correspondence, to cease further communication with Plaintiff.

WHEREFORE, Plaintiff, MICHAEL CECIL, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

6

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

49. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

50. Plaintiff repeats and re-alleges paragraphs 1-45 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

51. Defendant's conduct violated the TCPA by:

   a.  Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

52. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

54. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

   WHEREFORE, Plaintiff, MICHAEL CECIL, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

55. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

56. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

57. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

58. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

July 15, 2014                               By: /s/ Shireen Hormozdi
                                            Shireen Hormozdi
                                            Hormozdi Law Firm, LLC
                                            1770 Indian Trail Lilburn Road, Suite 175
                                            Norcross, GA 30093
                                            Tel: 678-395-7795
                                            Fax: 866-929-2434
                                            E-mail: shireen@hormozdilaw.com
                                            Attorney for Plaintiff

8